# STATE COURT RECORD

> This is not the official court record. Official records of court proceedings may only
> be obtained directly from the court maintaining a particular record.

## VPG Group Holdings LLC v. National Union Fire Insurance Company of Pittsburgh, PA, AIG Claims, Inc.

| | |
|---|---|
| Case Number | 29D03-2003-CC-002598 |
| Court | Hamilton Superior Court 3 |
| Type | CC - Civil Collection |
| Filed | 03/19/2020 |
| Status | 03/19/2020 , Pending  (active) |

## Parties to the Case

**Defendant**  National Union Fire Insurance Company of Pittsburgh, PA

| | |
|---|---|
| Address | 135 North Pennsylvania Street<br>Suite 1610<br>Indianapolis, IN 46204 |
| Attorney | Dean Robert Brackenridge<br>*#1854349, Retained*<br><br>FROST BROWN TODD, LLC<br>201 North Illinois Street - Suite 1900<br>Indianapolis, IN 46204<br>317-237-3800(W) |

**Defendant**  AIG Claims, Inc.

| | |
|---|---|
| Address | 135 North Pennsylvania Street<br>Suite 1610<br>Indianapolis, IN 46204 |
| Attorney | Dean Robert Brackenridge<br>*#1854349, Retained*<br><br>FROST BROWN TODD, LLC<br>201 North Illinois Street - Suite 1900<br>Indianapolis, IN 46204<br>317-237-3800(W) |

**Plaintiff**     VPG Group Holdings LLC

| | |
|---|---|
| Address | 1445 ROSS AVE, STE 3700<br>N/A<br>DALLAS, TX 75202-2755 |
| Attorney | Aliza B Malouf<br>*#3106349, Retained*<br><br>1445 Ross AVE<br>STE 3700<br>Dallas, TX 75202<br>214-979-8229(W) |

## Chronological Case Summary

03/19/2020   **Case Opened as a New Filing**

| | | |
|---|---|---|
| 03/20/2020 | **Complaint/Equivalent Pleading Filed** | |
| | Complaint/Equivalent Pleading | |
| | Filed By: | VPG Group Holdings LLC |
| | File Stamp: | 03/19/2020 |

| | | |
|---|---|---|
| 03/20/2020 | **Appearance Filed** | |
| | Appearance | |
| | For Party: | VPG Group Holdings LLC |
| | File Stamp: | 03/19/2020 |

| | | |
|---|---|---|
| 03/20/2020 | **Subpoena/Summons Filed** | |
| | Subpoena/Summons Filed | |
| | Filed By: | VPG Group Holdings LLC |
| | File Stamp: | 03/19/2020 |

| | | |
|---|---|---|
| 03/20/2020 | **Subpoena/Summons Filed** | |
| | Subpoena/Summons Filed | |
| | Filed By: | VPG Group Holdings LLC |
| | File Stamp: | 03/19/2020 |

| | | |
|---|---|---|
| 04/28/2020 | **Certificate of Service - separately filed** | |
| | certificate of service, dc | |
| | Filed By: | VPG Group Holdings LLC |
| | File Stamp: | 04/27/2020 |

| | | |
|---|---|---|
| 04/28/2020 | **Certificate of Service - separately filed** | |
| | certificate of service, DC | |
| | Filed By: | VPG Group Holdings LLC |
| | File Stamp: | 04/27/2020 |

| | | |
|---|---|---|
| 05/19/2020 | **Appearance Filed** | |
| | Appearance of Dean R. Brackenridge for Defendants filed. cag | |
| | For Party: | National Union Fire Insurance Company of Pittsburgh, PA |
| | For Party: | AIG Claims, Inc. |
| | File Stamp: | 05/18/2020 |

| | | |
|---|---|---|
| 05/19/2020 | **Motion for Enlargement of Time Filed** | |
| | Defendants' Motion for Initial Enlargement of Time filed. Proposed Order submitted. cag | |
| | Filed By: | National Union Fire Insurance Company of Pittsburgh, PA |
| | Filed By: | AIG Claims, Inc. |
| | File Stamp: | 05/18/2020 |

| | | |
|---|---|---|
| 05/20/2020 | **Response Filed** | |
| | Plaintiff's Response to Defendants' Motion for Enlargement of Time filed. Order submitted. cw | |
| | Filed By: | VPG Group Holdings LLC |
| | File Stamp: | 05/20/2020 |

| | | |
|---|---|---|
| 05/21/2020 | **Order Granting Motion for Enlargement of Time** | |
| | ORDER GRANTING MOTION FOR INITIAL ENLARGEMENT OF TIME. cag | |
| | Judicial Officer: | Bloch, Andrew Ryzard - MAG |
| | Noticed: | Malouf, Aliza B |
| | Noticed: | Brackenridge, Dean Robert |
| | Order Signed: | 05/21/2020 |

05/22/2020   **Automated ENotice Issued to Parties**

Order Granting Motion for Enlargement of Time ---- 5/21/2020 : Aliza B Malouf;Dean Robert Brackenridge

## Financial Information

**\*** Financial Balances reflected are current representations of transactions processed by the Clerk's Office. Please note that any balance due does not reflect interest that has accrued – if applicable – since the last payment. For questions/concerns regarding balances shown, please contact the Clerk's Office.

**VPG Group Holdings LLC**

Plaintiff

### Balance Due (as of 05/22/2020)

**0.00**

#### Charge Summary

| Description | Amount | Credit | Payment |
|---|---|---|---|
| Court Costs and Filing Fees | 157.00 | 0.00 | 157.00 |

#### Transaction Summary

| Date | Description | Amount |
|---|---|---|
| 03/20/2020 | Transaction Assessment | 157.00 |
| 03/20/2020 | Electronic Payment | (157.00) |

This is not the official court record. Official records of court proceedings may only be obtained directly from the court maintaining a particular record.

**29D03-2003-CC-002598**

Hamilton Superior Court 3

Filed: 3/19/2020 4:10 PM
Clerk
Hamilton County, Indiana

IN THE SUPERIOR COURT
HAMILTON COUNTY, INDIANA

| | | |
|---|---|---|
| VPG GROUP HOLDINGS LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Cause No. _____ |
| NATIONAL UNION FIRE INSURANCE COMPANY | ) | |
| OF PITTSBURGH, PA. and AIG CLAIMS, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff VPG Group Holdings LLC ("VPG") files a Complaint and Demand for Jury Trial against Defendants National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") and AIG Claims, Inc. ("AIG Claims") (National Union and AIG Claims are referred to collectively as "AIG") and alleges the following:

## JURISDICTION AND VENUE

1.     At all times material to the allegations in this Complaint, AIG Claims served as the authorized representative of National Union in handling VPG's claim under the subject insurance policy.

2.     VPG asserts the claims in this Complaint against AIG on the grounds of breach of an insurance policy and breach of the duty of good faith and fair dealing.

3.     This Court has jurisdiction over this action pursuant to Indiana Rules of Trial Procedure Rule 4.4(A) because National Union contracted to insure persons, property, and risks located within Indiana at the time the contract was made and does business in Indiana; and

because AIG Claims does business in Indiana and, upon information and belief, contracted to supply services rendered in Indiana as National Union's authorized claims representative in connection with a contract to insure persons, property, and risks located within Indiana.

4.    Venue is proper pursuant to Indiana Rules of Trial Procedure Rule 75(A).

## GENERAL ALLEGATIONS

Background

5.    Beginning in 2016 or 2017, an employee of VPG perpetrated a fraudulent scheme based on forged invoices for hedged transactions on physical sales of copper.

6.    The employee concealed the scheme from VPG through forged invoices, lying to staff, and misleading management.

7.    The final total financial loss to VPG directly resulting from the employee's scheme exceeded $2 million.

The Policy and VPG's Claim

8.    National Union issued Policy No. 02-602-21-32 (the "Policy") to VPG.

9.    VPG paid all required premiums for the Policy, and at all times material to the allegations in this Complaint, the Policy was in full force and effect.

10.    The Policy has a policy period of October 20, 2017 to October 30, 2018.

11.    The "Crime Coverage Section" of the Policy provides coverage for "Employee Theft" where a per occurrence limit of liability is shown in the declarations for that insuring agreement.

12.    The Policy shows a $1 million per occurrence limit of liability for "Employee Theft" in the declarations.

13.    VPG is the "Insured" under the Policy.

2

14.     The acts by the VPG employee described above that are the subject of VPG's claim constitute a covered occurrence taking place during the policy period that VPG discovered during the policy period, as those terms are used in the Policy.

15.     The "Employee Theft" insuring agreement requires loss of "Money" resulting directly from "Theft" committed by an Employee.

16.     At all times material to the allegations in this Complaint, the employee was an "Employee" of VPG as that term is used in the Policy.

17.     VPG has lost "Money" resulting directly from "Theft," which is defined to mean forgery, committed by the employee, as those terms are used in the Policy.

18.     VPG provided timely notice of the loss to AIG, which is covered "Employee Theft" Loss under Insuring Agreement 1.A.

19.     No Policy exclusions bar VPG's claim, in whole or in part. In particular, VPG's claim is not for loss that is an indirect result of an occurrence covered by the Crime Coverage Section, including, but not limited to, VPG's inability to realize income that it would have realized had there been no loss of money.

20.     AIG wrongfully denied coverage for VPG's claim.

**COUNT I: BREACH OF CONTRACT**

21.     VPG restates and incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

22.     The applicable terms, conditions, and other requirements under the Policy have been satisfied and, alternatively, compliance with the applicable terms, conditions, and other requirements, in whole or in part, has been waived or compliance is unnecessary for other reasons, including AIG's actions and inactions related to its handling of the claim.

3

23.     AIG was obligated to pay VPG's claim for loss under the Policy's "Employee Theft" insuring agreement.

24.     AIG breached the Policy by failing to pay VPG's "Employee Theft" claim.

25.     Because of AIG's breach, VPG sustained damages.

26.     VPG demands judgment against AIG in an amount to be determined at trial and, in addition, demands pre-judgment and post-judgment interest and seeks attorneys' fees and costs as well as all other damages resulting from AIG's breach.

**COUNT II: BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

27.     VPG restates and incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

28.     Under the Policy, AIG owed VPG a duty of good faith and fair dealing.

29.     In discharging its duty of good faith and fair dealing to VPG, AIG was obligated to refrain from making unfounded refusals to pay policy proceeds, causing an unfounded delay in making payment, deceiving its insured, and exercising unfair advantage to pressure its insured into settlement of the claim.

30.     In wrongfully denying VPG's claim, AIG misrepresented the Policy language and fabricated purported requirements, conditions, or limitations to triggering coverage for "Employee Theft" that are not present in the Policy.

31.     For example, AIG argued that the Policy's definition of "Theft" required a "literal taking" of money, securities, or property by the employee from the insured employer and did not include the specific type of forgery at issue where the "employee falsifies documents in [an] attempt to cover up his misrepresentations to his employer."

4

32.     VPG told AIG that the Policy included no such requirements and that AIG could not rewrite its policy language to support the coverage requirements and limitations set forth in its denial letter.

33.     VPG also showed AIG that there are other insurers that drafted employee theft insuring agreements differently from AIG and even provided AIG with another insurer's policy form that supported the way that AIG desired its employee theft coverage to work.

34.     In fact, VPG currently has an insurance policy from a different insurer that supports AIG's narrower view of "theft" and "forgery."

35.     Nevertheless, AIG refused to reconsider its unfounded coverage position based on a narrower view of "theft" and "forgery" that other insurers have addressed by using different policy language but that AIG chose not to employ when drafting its own policy forms.

36.     In representing to VPG that its denial was based on a careful review of the Policy language, when in reality it was based on artificial limitations on coverage with no rational basis in the parties' contract, AIG attempted to exercise unfair advantage to pressure VPG into abandoning its claim or entering into an unfair settlement of its claim for pennies on the dollar.

37.     AIG's bad faith claims handling and wrongful denial of coverage exhibited conscious wrongdoing and reflects dishonest purpose, moral obliquity, furtive design, and ill will, placing AIG's own interests above those of VPG.

38.     AIG lacked a rational, principled basis to deny VPG's claim under the terms and conditions of the Policy, which violated its duty of good faith and fair dealing.

39.     Irrespective of any coverage dispute, the manner in which AIG denied coverage, as well as the methodology employed by AIG to convey its coverage position, independently breached AIG's duty of good faith and fair dealing.

5

40.    AIG's bad faith claims handling and wrongful denial of coverage has caused an unfounded delay in making payment of the proceeds due VPG under the Policy.

41.    As a result of AIG's breach of the duty of good faith and fair dealing, VPG has suffered damages.

42.    In mishandling VPG's claim and wrongfully refusing to provide coverage, AIG acted with malice, gross negligence, and oppressiveness.

43.    VPG is entitled to judgment against AIG for breach of its good faith obligations, and AIG is liable for all resulting damages, including consequential damages, punitive damages, attorneys' fees, costs, and pre- and post-judgment interest.

44.    AIG's bad faith denial of coverage and failure to comply with its obligations under the Policy constitute litigating in bad faith, entitling VPG to recover costs and attorneys' fees pursuant to Indiana Code § 34-52-1-1.

VPG requests that the Court enter judgment as follows:

1. In favor of VPG and against AIG;

2. Determining that AIG breached the Policy;

3. Determining that AIG breached its duty of good faith and fair dealing;

4. Awarding pre-judgment and post-judgment interest, attorneys' fees, costs, damages, including consequential damages and punitive damages, and such other and further relief as the Court deems just and proper.

6

Dated:  March 19, 2020                    By: */s/ Aliza Malouf*_____
                                          Aliza Malouf
                                          Indiana Bar No. 31063-49
                                          Hunton Andrews Kurth LLP
                                          1445 Ross Avenue, Suite 3700
                                          Dallas, Texas 75202
                                          Telephone: (214) 979-8229
                                          Facsimile: (214) 740-7157
                                          Email: amalouf@huntonAK.com

                                          *Counsel for Plaintiff VPG Group
                                          Holdings LLC*

## JURY DEMAND

Pursuant to Rule 38(B) of the Indiana Rules of Trial Procedure, Plaintiff VPG Group

Holdings LLC demands a trial by jury on all issues triable by jury in this case.


                                          By: */s/ Aliza Malouf*_____
                                          Aliza Malouf

IN THE SUPERIOR COURT
HAMILTON COUNTY, INDIANA

| | |
|---|---|
| VPG GROUP HOLDINGS LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Cause No. _____ |
| NATIONAL UNION FIRE INSURANCE COMPANY | ) *(To be supplied by Clerk when case* |
| OF PITTSBURGH, PA. and AIG CLAIMS, INC., | ) *is filed.)* |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |

## **E-FILING APPEARANCE BY ATTORNEY IN CIVIL CASE**

**This Appearance Form must be filed on behalf of every party in a civil case.**

1. The party on whose behalf this form is being filed is:
   Initiating __X__          Responding _____          Intervening _____ ; and

   the undersigned attorney and all attorneys listed on this form now appear in this case for
   the following parties:

   Name of party _VPG Group Holdings, LLC_____

   Address of party  *(see Question # 5 below if this case involves a protection from abuse
   order, a workplace violence restraining order, or a no-contact order)*

   _____

   _____

   Telephone # of party _____

   *(List on a continuation page additional parties this attorney represents in this case.)*

2. Attorney information for service as required by Trial Rule 5(B)(2)

   Name: _Aliza Malouf_____     Atty Number: _____31063-49_____

   Address: _1445 Ross Avenue, Suite 3700, Dallas, Texas 75202_____

   _____

Phone:  214-979-8229

FAX:

Email Address:  amalouf@huntonAK.com

**IMPORTANT**:  Each attorney specified on this appearance:

(a)     certifies that the contact information listed for him/her on the Indiana Supreme Court Roll of Attorneys is current and accurate as of the date of this Appearance;

(b)     **acknowledges that all orders, opinions, and notices from the court in this matter that are served under Trial Rule 86(G) will be sent to the attorney at the email address(es) specified by the attorney on the Roll of Attorneys regardless of the contact information listed above for the attorney**; and

(c)     understands that he/she is solely responsible for keeping his/her Roll of Attorneys contact information current and accurate, see Ind. Admis. Disc. R. 2(A).

Attorneys can review and update their Roll of Attorneys contact information on the Courts Portal at http://portal.courts.in.gov.

3. This is a _____CC_____ case type as defined in administrative Rule 8(B)(3).

4. This case involves child support issues. Yes _____ No _X_  *(If yes, supply social security numbers for all family members on a separately attached document filed as confidential information on **light green paper**. Use Form TCM-TR3.1-4.)*

5. This case involves a protection from abuse order, a workplace violence restraining order, or a no – contact order.  Yes _____ No _X_ *(If Yes, the initiating party must provide an address for the purpose of legal service but that address should not be one that exposes the whereabouts of a petitioner.)*  The party shall use the following address for purposes of legal service:

_____     Attorney's address

_____     The Attorney General Confidentiality program address
            (contact the Attorney General at 1-800-321-1907 or e-mail address is **confidential@atg.in.gov**).

_____     Another address (provide)

_____

This case involves a petition for involuntary commitment.  Yes _____ No _X_

6.  If Yes above, provide the following regarding the individual subject to the petition for involuntary commitment:

   a.  Name of the individual subject to the petition for involuntary commitment if it is not already provided in #1 above:

       _____

   b.  State of Residence of person subject to petition:  _____

   c.  At least one of the following pieces of identifying information:

(i)   Date of Birth _____

(ii)   Driver's License Number _____

State where issued _____ Expiration date _____

(iii) State ID number _____

State where issued _____ Expiration date _____

(iv) FBI number _____

(v)  Indiana Department of Corrections Number _____

(vi)  Social Security Number is available and is being provided in an attached
confidential document Yes _____ No _____

7.  There are related cases: Yes ____ No _X_ *(If yes, list on continuation page.)*

8.  Additional information required by local rule:

_____

9.  There are other party members: Yes ____ No _X_ *(If yes, list on continuation page.)*

10. This form has been served on all other parties and Certificate of Service is attached:

Yes ____ No ____ <u>This form will be served with the Complaint and summons</u>


<u>  */s/ Aliza Malouf*                                        </u>
Attorney-at-Law
(Attorney information shown above.)

IN THE SUPERIOR COURT
HAMILTON COUNTY, INDIANA

VPG GROUP HOLDINGS LLC,                          )
                                                 )
                    Plaintiff,                   )
                                                 )
        vs.                                      )
                                                 ) Cause No. _____
NATIONAL UNION FIRE INSURANCE COMPANY            )
OF PITTSBURGH, PA. and AIG CLAIMS, INC.,         )
                                                 )
                    Defendants.                  )
                                                 )
_____ )

## SUMMONS

THE STATE OF INDIANA TO DEFENDANT:      **AIG CLAIMS, INC.**
ADDRESS:                                **Corporation Service Company**
                                        **135 North Pennsylvania Street**
                                        **Suite 1610**
                                        **Indianapolis, IN 46204**

You have been sued by the person named "Plaintiff" in the Court stated above.

The nature of this suit against you is stated in the Complaint, which is attached to this Summons. It also states the demand, which the Plaintiff has made against you.

You must answer the Complaint in writing to be filed with Court, by you or your attorney, within twenty (20) days, commencing the day after you receive this Summons, (you have twenty-three (23) days to answer if this Summons was received by mail), or judgment will be entered again you for what the Plaintiff has demanded.

If you deny the demand and/or have a claim for relief against the Plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

It is suggested that you consult with an attorney of your choice regarding this matter.

The following manner of service of Summon is hereby designated: **CERTIFIED MAIL**

**SERVICE RETURN RECEIPT REQUESTED.**

Date: March ___, 2020.

       3/20/2020

Aliza Malouf (31063-49)
Attorney for Plaintiff
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202

Clerk of Hamilton Superior Court
Hamilton County, Indiana

If service is by mail, stamped addressed
envelope with return receipt attached to be
prepared by attorney.

Original summons for Clerk and copy for
each defendant to be prepared by attorneys.

2

IN THE SUPERIOR COURT
HAMILTON COUNTY, INDIANA

| | |
|---|---|
| VPG GROUP HOLDINGS LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Cause No. _____ |
| NATIONAL UNION FIRE INSURANCE COMPANY | ) |
| OF PITTSBURGH, PA. and AIG CLAIMS, INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| _____ | ) |

### SUMMONS

THE STATE OF INDIANA TO DEFENDANT:   **NATIONAL UNION FIRE INSURANCE**
                                                                  **COMPANY OF PITTSBURGH, PA.**
ADDRESS:                                                   **Corporation Service Company**
                                                                  **135 North Pennsylvania Street**
                                                                  **Suite 1610**
                                                                  **Indianapolis, IN 46204**

You have been sued by the person named "Plaintiff" in the Court stated above.

The nature of this suit against you is stated in the Complaint, which is attached to this Summons. It also states the demand, which the Plaintiff has made against you.

You must answer the Complaint in writing to be filed with Court, by you or your attorney, within twenty (20) days, commencing the day after you receive this Summons, (you have twenty-three (23) days to answer if this Summons was received by mail), or judgment will be entered again you for what the Plaintiff has demanded.

If you deny the demand and/or have a claim for relief against the Plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

It is suggested that you consult with an attorney of your choice regarding this matter.

The following manner of service of Summon is hereby designated:  **CERTIFIED MAIL**

**SERVICE RETURN RECEIPT REQUESTED.**

   3/20/2020

Date:  March ___, 2020.

Aliza Malouf (31063-49)
Attorney for Plaintiff
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202

Clerk of Hamilton Superior Court
Hamilton County, Indiana
If service is by mail, stamped addressed
envelope with return receipt attached to be
prepared by attorney.

2

Filed: 4/30/2020 4:36 PM
Clerk
Hamilton County, Indiana

## AFFIDAVIT OF SERVICE

| Case:<br>29D03-2003-CC-002598 | Court:<br>Superior 3 | County:<br>Hamilton, IN | Job:<br>4500567 (1150278) |
|---|---|---|---|
| Plaintiff / Petitioner:<br>VPG Group Holdings LLC | | Defendant / Respondent:<br>AIG Claims, Inc. | |
| Received by:<br>Evolution Process Service | | For:<br>Special Delivery | |
| To be served upon:  AIG Claims, Inc. | | | |

I, Daniel Eberle , being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   Tim Stuckey- Legal Processor , c/o CSC: 135 N Pennsylvania St Ste 1610 , Indianapolis, IN 46204

**Manner of Service:**   Corporation, Apr 27, 2020, 12:17 pm EDT

**Documents:**   Summons and Complaint; Appearance (Received Apr 27, 2020 at 10:00am EDT)

**Additional Comments:**
1) Successful Attempt: Apr 27, 2020, 12:17 pm EDT at c/o CSC: 135 N Pennsylvania St Ste 1610 , Indianapolis, IN 46204 received by Tim Stuckey- Legal Processor . Age: 30; Ethnicity: Caucasian; Gender: Male; Weight: 210; Height: 5'10"; Hair: Red;

I affirm under penalties for perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

_____   4-27-20
Daniel Eberle                    **Date**

Evolution Process Service
5335 N Tacoma Ave Ste 5
Indianapolis, IN 46220

## AFFIDAVIT OF SERVICE

| Case: 29D03-2003-CC-002598 | Court: Superior 3 | County: Hamilton, IN | Job: 4500567 (1150276) |
|---|---|---|---|
| **Plaintiff / Petitioner:** VPG Group Holdings LLC | | **Defendant / Respondent:** National Union Fire Insurance Company of Pittsburgh, PA. | |
| **Received by:** Evolution Process Service | | **For:** Special Delivery | |
| **To be served upon:** National Union Fire Insurance Company of Pittsburgh, PA. | | | |

I, Daniel Eberle , being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**  Tim Stuckey- Legal Processor , c/o CSC: 135 N Pennsylvania St Ste 1610 , Indianapolis, IN 46204

**Manner of Service:**  Corporation, Apr 27, 2020, 12:17 pm EDT

**Documents:**  Summons and Complaint; Appearance (Received Apr 27, 2020 at 10:00am EDT)

**Additional Comments:**
1) Successful Attempt: Apr 27, 2020, 12:17 pm EDT at c/o CSC: 135 N Pennsylvania St Ste 1610 , Indianapolis, IN 46204 received by Tim Stuckey-Legal Processor . Age: 30; Ethnicity: Caucasian; Gender: Male; Weight: 210; Height: 5'10"; Hair: Red;

I affirm under penalties for perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

_____     4·27·20
Daniel Eberle                                    **Date**

Evolution Process Service
5335 N Tacoma Ave Ste 5
Indianapolis, IN 46220

**IN THE HAMILTON SUPERIOR COURT 3**
**STATE OF INDIANA**

| | | |
|---|---|---|
| VPG GROUP HOLDINGS LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO. 29D03-2003-CC-002598 |
| v. | ) | |
| | ) | |
| NATIONAL UNION FIRE INSURANCE | ) | |
| COMPANY OF PITTSBURGH, PA. and | ) | |
| AIG CLAIMS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>E-FILING APPEARANCE BY ATTORNEY IN CIVIL CASE</u>

**This Appearance Form must be filed on behalf of every party in a civil case.**

1.      The party on whose behalf this form is being filed is:

Initiating: ☐    Responding: ☒   Intervening: ☐; and

the undersigned attorney and all attorneys listed on this form now appear in this case for the following parties:

Name of party:  **National Union Fire Insurance Company of Pittsburgh, PA. and AIG Claims, Inc.**

Address of party *(see Question # 5 below if this case involves a protection from abuse order, a workplace violence restraining order, or a no-contact order)*

**National Union Fire Insurance Company of Pittsburgh, PA.**
**AIG Claims, Inc.**
**c/o Dean R. Brackenridge**
**FROST BROWN TODD LLC**
**201 N. Illinois Street, Suite 1900**
**P.O. Box 44961**
**Indianapolis, IN  46244**

Telephone # of party  **317-237-3800**

(List on a continuation page additional parties this attorney represents in this case.)

2.      Applicable attorney information for service as required by Trial Rule 5(B) (2):

| Name: | **Dean R. Brackenridge** | Attorney No.: | #18543-49 |
| | **FROST BROWN TODD LLC** | Phone: | (317) 237-3800 |
| Address: | **201 North Illinois Street, Suite 1900** | FAX: | (317) 237-3900 |
| | **P.O. Box 44961** | Email: | dbrackenridge@fbtlaw.com |
| | **Indianapolis, IN 46244-0961** | | |

**IMPORTANT**:  Each attorney specified on this appearance:

(a)     certifies that the contact information listed for him/her on the Indiana Supreme Court Roll of Attorneys is current and accurate as of the date of this Appearance;

(b)     **acknowledges that all orders, opinions, and notices from the court in this matter that are served under Trial Rule 86(G) will be sent to the attorney at the email address(es) specified by the attorney on the Roll of Attorneys regardless of the contact information listed above for the attorney**; and

(c)     understands that he/she is solely responsible for keeping his/her Roll of Attorneys contact information current and accurate, see Ind. Admis. Disc. R. 2(A).

Attorneys can review and update their Roll of Attorneys contact information on the Courts Portal at http://portal.courts.in.gov.

3.      This is a          case type as defined in administrative Rule 8(B)(3).

4.      This case involves child support issues. Yes ☐ No ☒ (If yes, supply social security numbers for all family members on a separately attached document filed as confidential information on **light green paper**. Use Form TCM-TR3.1-4.)

5.      This case involves a protection from abuse order, a workplace violence restraining order, or a no – contact order.  Yes ☐ No ☒ *(If Yes, the initiating party must provide an address for the purpose of legal service but that address should not be one that exposes the whereabouts of a petitioner.)*  The party shall use the following address for purposes of legal service:

☐     Attorney's address

☐     The Attorney General Confidentiality program address
          (contact the Attorney General at 1-800-321-1907 or e-mail address is **confidential@atg.state.in.us)**.

☐     Another address (provide)

This case involves a petition for involuntary commitment.  Yes ☐ No ☒

6. If Yes above, provide the following regarding the individual subject to the petition for involuntary commitment:

    a. Name of the individual subject to the petition for involuntary commitment if it is not already provided in #1 above:


    b. State of Residence of person subject to petition:

    c. At least one of the following pieces of identifying information:

        (i)    Date of Birth
        (ii)   Driver's License Number
              State where issued      Expiration date
        (iii)  State ID number
              State where issued      Expiration date
        (iv)  FBI number
        (v)   Indiana Department of Corrections Number
        (vi)  Social Security Number is available and is being provided in an attached confidential document  Yes ☐ No ☐

7. There are related cases: Yes ☐ No ☒ *(If yes, list on continuation page.)*

8. Additional information required by local rule:  None.

9. There are other party members: Yes ☐ No ☒ *(If yes, list on continuation page.)*

10. This form has been served on all other parties and Certificate of Service is attached:

Yes ☒ No ☐

*/s/Dean R. Brackenridge*
Dean R. Brackenridge, #18543-49
*Counsel for Defendants National Union Fire Insurance Company of Pittsburgh, PA and AIG Claims, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of May, 2020, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Aliza Malouf
Attorney at Law
1445 Ross Avenue, Suite 3700
Dallas, TX  75202
amalouf@huntonAK.com

/s/Dean R. Brackenridge
Dean R. Brackenridge

FROST BROWN TODD LLC
201 North Illinois Street, Suite 1900
P.O. Box 44961
Indianapolis, IN  46244-0961
317-237-3800
Fax: 317-237-3900
dbrackenridge@fbtlaw.com

0008726.0717677  4825-5477-0876v1

## IN THE HAMILTON SUPERIOR COURT 3
## STATE OF INDIANA

| | |
|---|---|
| VPG GROUP HOLDINGS LLC,　　　　　) | |
| 　　　　　　　　　　　　　　　　) | |
| 　　　　Plaintiff,　　　　　　　) | CAUSE NO. 29D03-2003-CC-002598 |
| 　　　　　　　　　　　　　　　　) | |
| v.　　　　　　　　　　　　　　　) | |
| 　　　　　　　　　　　　　　　　) | |
| NATIONAL UNION FIRE INSURANCE　) | |
| COMPANY OF PITTSBURGH, PA and　) | |
| AIG CLAIMS, INC.,　　　　　　　) | |
| 　　　　　　　　　　　　　　　　) | |
| 　　　　Defendants.　　　　　　　) | |

### DEFENDANTS' MOTION FOR INITIAL ENLARGEMENT OF TIME

Defendants, National Union Fire Insurance Company of Pittsburgh, PA and AIG Claims, Inc. (collectively "Defendants"), by and through their counsel and pursuant to Rule 6(B)(1) of the Indiana Rules of Trial Procedure, respectfully move this Court to enlarge the time in which Defendants may move or plead to Plaintiff's Complaint in the above-referenced matter. Specifically, Defendants request that the time be enlarged from May 18, 2020, to and including June 17, 2020.  In support of their Motion, Defendants state:

1.　　　The time for responding to Plaintiff's Complaint has not expired.

2.　　　A thirty (30) day enlargement, to and including June 17, 2020, to move or plead to Plaintiff's Complaint is reasonably required for Defendants and their counsel to investigate, prepare and respond to the allegations and causes of action set forth in Plaintiff's Complaint.

3.　　　Defendants, through counsel, contacted Plaintiff, through counsel, to request an enlargement of time to move or plead to Plaintiff's complaint.  However, Plaintiff, through counsel, would not agree to an enlargement unless Defendant AIG Claims, Inc. "agree to file its answer or other response to the complaint in state court before the case is removed to federal court," which is a condition that hinders AIG Claim's defense of the lawsuit.

4.      This Motion is made in good faith and is not an attempt to hinder or delay the progress of this matter.

WHEREFORE, Defendants, National Union Fire Insurance Company of Pittsburgh, PA. and AIG Claims, Inc., by counsel, respectfully request an initial enlargement of time of thirty (30) days from May 18, 2020, to and including June 17, 2020, in which to move or plead to Plaintiff's Complaint, and for all other relief proper in the premises.

Respectfully submitted,

FROST BROWN TODD LLC

/s/ Dean R. Brackenridge
Dean R. Brackenridge, #18543-49
*Counsel for Defendants National Union Fire*
*Insurance Company of Pittsburgh, PA and AIG*
*Claims, Inc.*

2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 18th day of May, 2020, a copy of the foregoing was filed electronically.   Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.   Parties may access this filing through the Court's system.

Aliza Malouf
HUNTON ANDREWS KURTH LLP
1445 Ross Avenue, Suite 3700
Dallas, TX  75202
amalouf@huntonAK.com
*Counsel for Plaintiff VPG Group Holdings LLC*

*/s/ Dean R. Brackenridge*

FROST BROWN TODD LLC
201 N. Illinois St., Suite 1900
P.O. Box 44961
Indianapolis, IN 46244-0961
Phone: 317-237-3800
Fax: 317-237-3900
dbrackenridge@fbtlaw.com

0008726.0717677  4840-2186-0028v4

Filed: 5/20/2020 11:09 AM
Clerk
Hamilton County, Indiana

IN THE SUPERIOR COURT
HAMILTON COUNTY, INDIANA


VPG GROUP HOLDINGS LLC )
)
Plaintiff, )
)
vs. )
) Cause No. 29D03-2003-CC-002598
NATIONAL UNION FIRE INSURANCE COMPANY )
OF PITTSBURGH, PA. and AIG CLAIMS, INC. )
)
Defendants. )
)
)

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR**
**INITIAL ENLARGEMENT OF TIME**

Plaintiff VPG Group Holdings LLC ("VPG") submits this response in opposition to
Defendants' Motion for Initial Enlargement of Time and states as follows:

1.      Defendants request an enlargement of time to move or plead to VPG's Complaint
pursuant to Rule 6(B)(1) of the Indiana Rules of Trial Procedure. The motion should be denied
because Defendants fail to demonstrate good cause, as required by Rule 6(B), and because
granting the requested relief can prejudice VPG, as Defendants admit in their motion.

2.      Enlargements of time under Trial Rule 6 are not a matter of right. Rather,
Rule 6(B)(1) states that a filing deadline required under the rules may be enlarged only upon
"cause shown."

3.      While trial courts are afforded discretion to alter the timetable for acts required by
the Rules, this discretionary standard is rooted in a desire to avoid punishing parties for "minor
violations of a time period," while also balancing the mandate of Rule 1 to secure the fast,
speedy, and inexpensive determination of every action. 21 Ind. Prac., Civil Trial Practice § 12.5

(2d ed.) (quoting Civil Code Study Commission Comments to Trial Rule 3). In seeking enlargements of time, "counsel should not assume liberality on the part of the court; [Trial Rule 6(B)] does not condone carelessness, laxity or procrastination." *Id.* (alteration in original) (quoting Civil Code Study Commission Comments to Trial Rule 3).

4.      Applying these principles, Defendants' motion should be denied for two reasons. First, Defendants' motion fails to identify sufficient "cause" warranting the requested relief. Second, granting the requested relief can prejudice VPG by permitting Defendants to gain a tactical advantage, as Defendants acknowledge in their motion in explaining why they refused to agree to the reasonable condition VPG placed in its consent to extending Defendants' time to respond to the Complaint.

## Defendants Fail to Show "Cause" Why a Further 30 Days Is Reasonable or Necessary

5.      As for Rule 6(B)'s requirement for "cause shown," Defendants' sole ground for requesting a 30-day enlargement of time is that it is "reasonably required for Defendants and their counsel to investigate, prepare and respond to the allegations and causes of action set forth in Plaintiff's Complaint."

6.      Defendants omit from the motion, however, the fact that VPG provided a copy of the filed Complaint to Defendants' counsel on April 1, 2020—***more than 45 days*** before Defendants' deadline to file a responsive pleading. Defendants make no attempt to explain why a further 30 days is reasonable under the circumstances. It is not. The Complaint is six pages long and asserts two common causes of action in insurance coverage disputes for breach of contract and breach of the duty of good faith and fair dealing. The parties also have been engaged in discussions for more than 10 months regarding the same coverage issues described in the Complaint in an attempt to have AIG withdraw its erroneous denial and resolve this matter short

of litigation.

7.      Defendants' conclusory statements fail to demonstrate good cause, particularly when Defendants have already had more than a month and a half to investigate, prepare for, and respond to the allegations and causes of actions set forth in the Complaint.

8.      Granting the requested enlargement of time, which increases Defendants' time to respond to the Complaint from 47 to 77 days, also runs counter to Rule 1's mandate to secure the speedy determination of every action.

**The Motion Should Be Denied Because It Can Prejudice VPG, As Defendants Admit.**

9.      Moreover, granting the extension can prejudice VPG. Defendants, through counsel, have conveyed that they intend to remove the case to federal court and file a motion to dismiss the claims against AIG Claims, Inc.

10.      Granting the extension serves only to facilitate that strategy and potentially prejudice VPG, which is why VPG imposed a reasonable condition on enlarging the deadline to answer or respond to the complaint, requesting that Defendants agree to file any answer or other response to the Complaint in state court before the case is removed to federal court.

11.      Although VPG disputes that Defendants have any grounds on which removal to federal court is proper, if a district court disagrees, any anticipated motion to dismiss may be subject to a different legal standard, depending on whether it is filed in state or federal court.[1] VPG explained this reasoning to Defendants and attempted to reach a compromise to accommodate Defendants' last-minute request for an extension, which was made one business day before the filing deadline (despite Defendants receiving a copy of the Complaint 44 days

---

[1] The pleading standard in federal court, based on *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), has not been adopted by Indiana state courts. A motion to dismiss filed in federal court can be subject to *Iqbal* and *Twombly*, but the federal standard should not apply if Defendants' motion is filed in state court, even after the case is removed. Defendants have not disputed the differences in the applicable standards.

earlier). Defendants refused to accept VPG's offer and chose to resort to motions practice.

12.     Defendants' averment that VPG's condition "hinders AIG Claim's [sic] defense of the lawsuit" is an admission that Defendants believe that they will be gaining a tactical advantage by modifying the regular sequencing of removal and motions deadlines.

13.     This tactical advantage can prejudice VPG, supports VPG's position in refusing to agree to the requested extension, and is why VPG opposes the motion.

14.     Defendants' motion hinders and delays the progress of this lawsuit and, if granted, can prejudice VPG by allowing Defendants to adjust the filing deadlines to suit their preferred litigation strategy. The Court's discretion, while broad, is aimed at preventing dilatory litigants from losing their day in court, which is not what VPG attempts to do here. Rather, VPG requests that this Court deny Defendants' motion and order that any motion or responsive pleading be filed on or before May 27, 2020, as long as the response is filed in state court before the action is removed.

May 20, 2020                                    Respectfully submitted,

                                                */s/ Aliza Malouf*
                                                Aliza Malouf
                                                Indiana Bar No. 31063-49
                                                Hunton Andrews Kurth LLP
                                                1445 Ross Avenue
                                                Suite 3700
                                                Dallas, TX 75202
                                                Telephone: 214-979-8229
                                                Facsimile:  214-740-7157
                                                Email:  amalouf@hunton.com

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on May 20, 2020, the foregoing document was electronically filed

with the Clerk of the Court using the efile.incourts.gov e-filing system.


*/s/ Aliza Malouf*                     
Aliza Malouf

## IN THE HAMILTON SUPERIOR COURT 3
## STATE OF INDIANA

VPG GROUP HOLDINGS LLC,  )
                         )
        Plaintiff,       )
                         )          CAUSE NO. 29D03-2003-CC-002598
v.                       )
                         )
NATIONAL UNION FIRE INSURANCE )     **FILED**
COMPANY OF PITTSBURGH, PA. and )    May 21, 2020
AIG CLAIMS, INC.,        )          CLERK OF THE HAMILTON
                         )          CIRCUIT COURT
        Defendants.      )

## <u>ORDER GRANTING MOTION FOR INITIAL ENLARGEMENT OF TIME</u>

Defendants, National Union Fire Insurance Company of Pittsburgh, PA and AIG Claims, Inc., by counsel, having filed a Motion for Initial Enlargement of Time, and the Court being duly advised, hereby GRANTS said Motion.

IT IS THEREFORE ORDERED that National Union Fire Insurance Company of Pittsburgh, PA and AIG Claims, Inc. shall have to and including June 17, 2020, within which to move or plead to Plaintiff's Complaint.

SO ORDERED THIS 21st DAY OF ___May_____, 2020.

_____
Magistrate
_____
JUDGE, Hamilton Superior Court 3

Distribution to:

Aliza Malouf                          Dean R. Brackenridge
HUNTON ANDREWS KURTH LLP              FROST BROWN TODD LLC
1445 Ross Avenue, Suite 3700          201 N. Illinois St., Suite 1900
Dallas, TX 75202                      P.O. Box 44961
amalouf@huntonAK.com                  Indianapolis, IN 46244-0961
                                      dbrackenridge@fbtlaw.com

0008726.0717677   4811-2249-8748