UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| VPG GROUP HOLDINGS LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-01505-JRS-TAB |
| | ) |
| NATIONAL UNION FIRE INSURANCE | ) |
| COMPANY OF PITTSBURGH, PA, | ) |
| AIG CLAIMS, INC., | ) |
| | ) |
| Defendants. | ) |

**ORDER ON MOTION TO REMAND (ECF No. 25)**

Plaintiff VPG Group Holdings LLC ("VPG") sued Defendants National Union Fire Insurance Company of Pittsburgh, PA, ("National Union") and AIG Claims, Inc. ("AIG Claims") in Indiana state court. National Union removed the case to federal court. Citing lack of jurisdiction, VPG moved to remand, also requesting attorney's fees and costs under 28 U.S.C. § 1447(c). (ECF No. 25.)

## I. Legal Standard

The federal courts have a duty to ensure that they have jurisdiction. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). Jurisdiction is an absolute prerequisite before addressing the merits of a case. *See Leguizamo-Medina v. Gonzales*, 493 F.3d 772, 774 (7th Cir. 2007). Conclusory allegations are insufficient to establish jurisdiction—factual details are required. *See Meyerson v. Showboat Marina Casino P'ship*, 312 F.3d 318, 321 (7th Cir. 2002); *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58 (7th Cir. 1996).

1

A civil action initially brought in a state court may be removed to the federal court system, so long as the federal court has original jurisdiction over the case. 28 U.S.C. § 1441(a). The removing party bears the burden of proving subject matter jurisdiction in its notice of removal under 28 U.S.C. §§ 1441 and 1446. *See Travelers Prop. Cas. v. Good*, 689 F.3d 714, 722 (7th Cir. 2012) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)) ("In all cases, the party asserting federal jurisdiction has the burden of proof to show that jurisdiction is proper."). One such basis is diversity of citizenship, upon which federal district courts have original jurisdiction over all civil actions between parties of completely diverse citizenship where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The removing party "must, if material factual allegations are contested, prove those jurisdictional facts by a preponderance of the evidence." *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006).

## II.   Background

On March 19, 2020, VPG filed a suit against National Union and AIG Claims in Indiana state court, alleging breach of contract and breach of the duty of good faith and fair dealing in relation to an insurance policy. (ECF No. 1-1.) On May 27, National Union filed a Notice of Removal, (ECF No. 1), removing the action from the state court to this district court under 28 U.S.C. §§ 1441 and 1446.

National Union asserted diversity jurisdiction as the grounds for removal. (ECF No. 1.) National Union is a company incorporated in Pennsylvania with a principal

place of business in New York. (ECF No. 1 ¶ 12.) AIG Claims is a company incorporated in Delaware, also with a principal place of business in New York. (ECF No. 1 ¶ 13.) National Union argues, however, that AIG Claims was fraudulently joined. (ECF No. 1 ¶¶ 16–24; ECF No. 15 at 15–17.)

VPG's citizenship is more complicated. VPG is a limited liability corporation (LLC) with four member LLCs: (1) VPG Group Resources, LLC; (2) Insight Equity (VPG) Mezz Debt LLC; (3) Race Street Funding, LLC; and (4) VGH Private Investors, LLC. (ECF No. 1 ¶ 6.) In turn, these member LLCs are each composed of sub-members, many of which are other LLCs. (ECF No. 1 ¶¶ 7–10.) In its Notice of Removal, National Union set forth what it believed was the citizenship of all the members and sub-members of VPG based on publicly available filings, alleging that VPG is a citizen of Delaware, Indiana, Texas, Florida, West Virginia, and Ohio. (ECF No. 1 ¶ 11.)

Ultimately, National Union was wrong. On August 5, VPG provided National Union with a declaration from Daniel Davidson showing that he is a New York citizen and a limited partner at Insight Equity (AC) II LP and Insight Equity Mezzanine (AC) I LP—two members within VPG's web. (ECF No. 34 at 3.) As VPG now lays out in detail, National Union's Notice of Removal did not account for every member, sub-member, and so forth making up VPG. (ECF No. 26 at 3–6.) In fact, the LLC has so many layers that VPG itself is "unable to verify" the membership and citizenship of the two member-branches starting with Race Street Funding, LLC and VGH Private Investors, LLC. (*Id.* at 3.)

3

### III. Discussion

The parties and the Court agree that, assuming *arguendo* AIG Claims was fraudulently joined, VPG's citizenship in New York nevertheless destroys complete diversity given National Union's citizenship in New York. Thus, the Court lacks subject matter jurisdiction, and the case must be remanded.

The only dispute is whether VPG is entitled to costs and attorney's fees incurred in connection with removal under 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Although the Supreme Court has not defined "objectively reasonable," the Seventh Circuit has developed a definition that borrows from qualified-immunity doctrine. That is, a party lacks an "objectively reasonable basis" for removal "if, at the time the defendant filed his notice in federal court, *clearly established law* demonstrated that he had no basis for removal." *Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007) (emphasis added). The Seventh Circuit reasoned that this standard for awarding attorney's fees under § 1447(c) "encourages litigants to make liberal use of federal courts, so long as the right to remove is not abused." *Wolf v. Kennelly*, 574 F.3d 406, 411 (7th Cir. 2009) (citing *Lott*, 492 F.3d at 793).

It is clearly established that diversity jurisdiction exists only with complete diversity of parties. *See* 28 U.S.C. § 1332(a). It is also clearly established that "[f]or diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) (citation

omitted). And it is clearly established that the defendant who removes a case to federal court bears the burden of establishing subject matter jurisdiction. *See Travelers Prop. Cas.*, 689 F.3d at 722; *McNutt*, 298 U.S. at 189. Combined, these rules mean National Union had the burden to investigate the citizenship of every VPG member and sub-member to determine whether complete diversity existed before filing a notice of removal. National Union did not fully investigate the citizenship of VPG's myriad constituent members and sub-members, so it acted against clearly established law and removed the case without an objectively reasonable basis.

But, National Union protests that it did the best job it could to ascertain VPG's membership and citizenship given what was available in public records about VPG's "byzantine corporate structure." (ECF No. 34 at 4.) Although VPG is certainly a complex entity with respect to its citizenship, National Union's gripe is really with the Supreme Court's rule that an LLC is a citizen of every state in which its members are citizens, making the citizenship of unincorporated associations like VPG exceedingly difficult to determine. The Supreme Court itself has acknowledged persuasive criticism of the LLC citizenship rule. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 196 (1990) ("[The citizenship rule for unincorporated associations] can validly be characterized as technical, precedent-bound, and unresponsive to policy considerations raised by the changing realities of business organization."). But taking that rule as given, as the Court and the parties must, National Union assumed the risk of erroneous removal by failing to perform a complete and thorough accounting of VPG's citizenship before filing a notice of removal. In turn, National Union also assumed

5

the risk that it would need to pay the associated costs and attorney's fees under § 1447(c).

*Circle Center Mall LLC v. Zurich American Insurance Co.*, No. 1:14-CV-01160-JMS, 2014 WL 4539983 (S.D. Ind. Sept. 11, 2014), is instructive. There, the defendants removed a suit brought by the plaintiffs—including an LLC—to federal court, alleging diversity jurisdiction. *Id.* at *1. But the defendants' notice of removal made incomplete and uncertain jurisdictional allegations as to the LLC's citizenship. *Id.* Although the defendants protested that they had "reasonably and promptly investigated the available information [they] could obtain from the relevant public records with respect to the citizenship of all the Plaintiffs and drew the reasonable conclusion that complete diversity existed," Judge Magnus-Stinson found that the removal lacked an objectively reasonable basis and therefore awarded attorney fees and costs to the plaintiffs:

> Defendants' approach to removal in this case was not reasonable. At the time of removal, Defendants alleged that complete diversity was met based only on "the investigation Zurich has been able to undertake to this point." . . . But that investigation surely was not a complete or sufficiently thorough one, as Defendants did not know (and still do not know) the citizenship of [the plaintiff]. Without knowing the citizenship of [the plaintiff], Defendants did not have an objectively reasonable basis to remove the case to this Court. Defendants' remove-first-and-examine-whether-complete-diversity-exists-later approach to jurisdiction is not a reasonable one.

*Id.* at *5.

Here, National Union employed substantially the same "remove-first-and-examine-whether-complete-diversity-exists-later approach." Although National Union says it conducted a reasonable and diligent investigation into VPG's citizenship via

6

public records, it did not consult VPG about VPG's citizenship before removal, it failed to account for the citizenship of numerous VPG-associated limited partners, and it misidentified several VPG sub-members.  (*See* ECF No. 26 at 3–6.)  Additionally, the fact that National Union apparently removed the case at the last possible moment allowed under the default thirty-day time limit of 28 U.S.C. § 1446 indicates that the removal decision was possibly made in haste.  But the Court has reminded litigants in the past that § 1446(b)(3) permits *later* removal "if the case stated by the initial pleading is not removable" and the defendant files "a notice of removal . . . within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  *See Circle Ctr. Mall LLC*, 2014 WL 4539983, at *5 ("If a proper investigation had revealed that complete diversity existed, Defendants would have had 30 days from when those facts came to light to remove the case.").  In sum, hurriedly seeking removal on these shaky grounds was not reasonable, and the Court concludes that VPG is entitled to an award of attorney fees and costs under § 1447(c).[1]

## IV.  Conclusion

The Court **grants** VPG's motion to remand, (ECF No. 25.), including its request for attorney's fees and costs stemming from removal.  VPG is **ordered to state its attorney's fees and costs** "incurred as a result of removal," 28 U.S.C. § 1447(c),

---

[1] The Court does not reach the issue of whether removal was also objectively unreasonable due to National Union's purportedly frivolous argument that AIG Claims was fraudulently joined.

7

exclusive of any attorney's fees or costs that would have been incurred in state court anyway.[2] The Court Clerk is instructed to mail a certified copy of this order of remand to the clerk of the Hamilton Superior Court of the State of Indiana. The Court **has no jurisdiction** to decide AIG Claims's motion to dismiss, (ECF No. 14), or VPG's motion for oral argument, (ECF No. 22), and the parties should refile said motions in state court on remand, if they wish.

  **SO ORDERED.**

Date: 10/28/2020

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Syed Ahmad
HUNTON ANDREWS KURTH LLP
sahmad@huntonak.com

Dean R. Brackenridge
FROST BROWN TODD LLC (Indianapolis)
dbrackenridge@fbtlaw.com

Scott R. Brown
FROST BROWN TODD LLC
srbrown@fbtlaw.com

---

[2] For instance, VPG's statement of fees should exclude attorney's fees related to responding to AIG's motion to dismiss, (ECF No. 14), to the extent the motion will still need to be litigated in state court.

Geoffrey Fehling
HUNTON ANDREWS KURTH LLP
gfehling@huntonak.com

Katharine B. Fischman
FROST BROWN TODD LLC
kfischman@fbtlaw.com

Aliza B. Malouf
HUNTON ANDREWS KURTH LLP
amalouf@huntonAK.com

9